1 | Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 | KEIMER E. RAYMOND, State Bar No. 316393
E-Mail: kraymond@hurrellcantrall.com
3 | HURRELL CANTRALL LLP
300 South Grand Avenue, Suite 1300
4 | Los Angeles, California 90071
Telephone: (213) 426-2000
5 | Facsimile: (213) 426-2020

6 | Attorney for Defendant, COUNTY OF LOS ANGELES

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10 |

*(left margin vertical text)* HURRELL CANTRALL LLP 300 SOUTH GRAND AVENUE, SUITE 1300 LOS ANGELES, CALIFORNIA 90071 TELEPHONE (213) 426-2000

11 | ALEXANDRIA GARCIA, individually | FEDERAL CASE NO.:
and as Successor in Interest to OMAR
12 | GARCIA; D.G. and G.G., minors, | STATE CASE NO. 20STCV39464
individually and as Successors in | [Exempt Pursuant to *Gov't Code* §6103]
13 | Interest to OMAR GARCIA, by and
through their Guardian ad Litem, | STATE: Assigned to Hon. Edward B.
14 | ESMERALDA TORRES; LIDIA | Moreton, Dept. 27
GARCIA, an individual, ESPINOZA;
15 | and ADALMIRO GARCIA, an | Action Filed:        10/13/20
individual, | Trial Date:         04/12/22
16 |
Plaintiffs, | **NOTICE OF REMOVAL AND**
17 | | **REMOVAL OF ACTION UNDER 28**
v. | **U.S.C. SECTIONS 1441(a) and (c),**
18 | | **1443, AND 1446 ON BEHALF OF**
COUNTY OF LOS ANGELES; and | **DEFENDANT COUNTY OF LOS**
19 | DOES 1 to 10, inclusive, | **ANGELES: DECLARATION OF**
| **THOMAS C. HURRELL**
20 | Defendants. |
21 | | *[Filed Concurrently with Notice of*
22 | | *Interested Parties]*
23 |
24 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
25 |     PLEASE TAKE NOTICE that Defendant COUNTY OF LOS ANGELES
26 | (hereinafter "County") hereby removes to federal court the state court action
27 | described below.
28 |

1. On October 13, 2020, an action was commenced in the Los Angeles County Superior Court, entitled <u>Garcia, Alexandria, et al. v. County of Los Angeles</u>, Case No. 20STCV39464.

2. On March 5, 2021, Plaintiffs Alexandria Garcia, in her individual capacity and representative capacity as successor-in-interest, minor Plaintiffs D.G. and G.G., Lidia Garcia Espinoza, and Adalmiro Garcia (hereinafter "Plaintiffs"), filed their operative First Amended Complaint.

3. On March 11, 2021, County Defendants were served with the operative First Amended Complaint.  A copy of the Summons; First Amended Complaint; Complaint for Damages; Civil Case Cover Sheet Unlimited; Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Applications and Orders for Appointment of Guardian ad Litem; Notice of Case Assignment Unlimited Civil Case; First Amended Standing Order re: Personal Injury Procedures at the Spring Street Courthouse; Third Amended Standing Order re: Final Status Conference Personal Injury ("PI") Courts; Fifth Amended Standing Order re: Mandatory Settlement Conference; Stipulation – Early Organizational Meeting; Stipulation – Discovery Resolution; Informal Discovery Conference; Stipulation and Order – Motions in Limine and ADR Information Package, served on County Defendants concurrently therewith in the state action are collectively attached hereto as **Exhibit "A"** to the declaration of Thomas C. Hurrell ("Hurrell Decl.").

4. The First Amended Complaint alleges federal claims against County Defendants for violation of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983. These federal claims are pled under Plaintiffs' First Cause of Action for Unreasonable Search and Seizure – Excessive Force and Denial of Medical Care, Second Cause of Action for Failure to Intervene – Bystander Liability, Third Cause of Action for Substantive Due Process, Fourth Cause of Action for Municipal Liability for Ratification under 42 U.S.C. § 1983, and Fifth Cause of Action for

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-2-

1  Unconstitutional Custom, Practice, or Policy under 42 U.S.C. § 1983. *See* **Exhibit**

2  **"A"** to Hurrell Decl.

3    5.  Counsel for the County Defendant is informed and believes that no

4  other named defendants have been served in the state court action. *See* **Exhibits**

5  **"B" and "C"** to Hurrell Decl., ¶¶ 4-6. Accordingly, consent and/or joinder to

6  removal by the other un-served defendants is not necessary. *See Destino v. Reiswig*

7  (9th Cir. 2011) 630 F.3d 952, 955 (codefendants not properly served need not join).

8    6.  This matter is a civil action of which this Court has original jurisdiction

9  under 28 U.S.C. § 1331 as against County Defendants, and is one which may be

10  removed to this Court by the County Defendant pursuant to the provisions of 28

11  U.S.C. § 1441(a) and (c), 28 U.S.C. § 1443(2), and 28 U.S.C. § 1446(a). The

12  Plaintiffs have filed claims under 42 U.S.C. § 1983, wherein the Plaintiffs contend

13  that the constitutional rights of the decedent were violated. *See* **Exhibit "A"** to

14  Hurrell Decl., ¶ 7. Accordingly, federal district courts have original jurisdiction in

15  the district courts over all actions brought under 42 USC § 1983. *See* 28 USC §

16  1343(a)(3). Moreover, the statute confers original jurisdiction in the district courts

17  over all actions involving federal questions. *See* 28 USC § 1331.

18    7.  Plaintiffs also assert state law claims of Battery (Wrongful Death);

19  Negligence (Wrongful Death); Violation of Section 52.1 of The California Civil

20  Code (Tom Bane Act Violation); and Ralph Act (*Civ. Code* § 51.7). All of

21  Plaintiffs' claims derive from the same operative facts—specifically, the alleged

22  wrongful death of decedent OMAR GARCIA. When an action originally filed in

23  state court is removed to federal court, the federal tribunal has jurisdiction to

24  determine not only the federal claims, but all pendent state claims which derive

25  "from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 US

26  715, 725 (1966); *see also* 28 U.S.C. §§ 1367(a) and 1441(c).

27  / / /

28  / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

8.     The Notice of Removal is being filed with this Court within 30 days after County Defendants were personally served with the First Amended Complaint on March 11, 2021.  *See* Hurrell Decl., ¶ 8.

9.     The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.  *See* Hurrell Decl., ¶ 9.

DATED:  April 12, 2021                    HURRELL CANTRALL LLP


By: _____
THOMAS C. HURRELL
KEIMER E. RAYMOND
Attorney for Defendant, COUNTY OF
LOS ANGELES

-4-

## DECLARATION OF THOMAS C. HURRELL

I, Thomas C. Hurrell, declare:

1.      I am an attorney duly licensed to practice before this Court and am a partner at Hurrell Cantrall LLP, attorneys of record for Defendant COUNTY OF LOS ANGELES herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      I make this declaration in support of Defendant COUNTY OF LOS ANGELES' Notice of Removal.

3.      I am informed and believe that Defendant COUNTY OF LOS ANGELES was served with the Summons and First Amended Complaint on March 11, 2021. Attached hereto as **Exhibit "A"** is a true and correct courtesy copy of the Summons; First Amended Complaint; Complaint for Damages; Civil Case Cover Sheet Unlimited; Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Applications and Orders for Appointment of Guardian ad Litem; Notice of Case Assignment Unlimited Civil Case; First Amended Standing Order re: Personal Injury Procedures at the Spring Street Courthouse; Third Amended Standing Order re: Final Status Conference Personal Injury ("PI") Courts; Fifth Amended Standing Order re: Mandatory Settlement Conference; Stipulation – Early Organizational Meeting; Stipulation – Discovery Resolution; Informal Discovery Conference; Stipulation and Order – Motions in Limine and ADR Information Package that were served on Defendant COUNTY OF LOS ANGELES concurrently therewith in the state court action.

4.      According to the allegations in the First Amended Complaint, the remaining defendants consist of DOES 1 through 10. I have no information to indicate whether any other defendants were served in this matter. To date, Plaintiffs have filed one (1) Proof of Service of Summons only for the COUNTY OF LOS

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

ANGELES. A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit "B."**

5. As of the date of the filing of this Notice of Removal, there have been no additional Proofs of Service of Summons filed indicating that any other defendant has been served. A true and correct copy of the State Court Case Information Printout is attached hereto as **Exhibit "C."**

6. Therefore, there are no other named defendants for which consent is required for case removal.

7. This action is removable as there is federal question jurisdiction because Plaintiffs have filed claims under 42 U.S.C. §§ 1983. *See* **Exhibit "A,"** supra, First Amended Complaint, ¶¶ 23-68.

8. The Notice of Removal is filed with this Court within 30 days after Defendant COUNTY OF LOS ANGELES was served with the First Amended Complaint on March 11, 2021.

9. The Notice of Removal is being filed in this Court, and in the Superior Court of the State of California, County of Los Angeles.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 12, 2021 at Los Angeles, California.

Thomas C. Hurrell

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/08/2021 02:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
20STCV39464

**SUM-100**

# SUMMONS *FOR FIRST AMENDED*
## (CITACION JUDICIAL) *COMPLAINT*



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

BOARD OF SUPERVISORS
CITY OF LOS ANGELES
FILED

2021 MAR 11 A 11:27

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEXANDRIA GARCIA, individually and as Successor in Interest to
OMAR GARCIA; (See attachment)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | CASE NUMBER: *(Número del Caso):* |
|---|---|
| 111 N. Hill Street<br>Los Angeles, CA 90012 | 20STCV39464 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Humberto Guizar; Kent M. Henderson; Angel Carrazco Jr., GUIZAR, HENDERSON & CARRAZCO, L.L.P.
*3500 W. Beverly Blvd., Montebello, CA 90640*

| DATE: 03/08/2021 *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|
| | | M. Mariano |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* *County of Los Angeles*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* *CCP416.50*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*3/11/24*

Electronically FILED by Superior Court of California, County of Los Angeles on 10/13/2020 05:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV39464

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

1  Humberto M. Guizar, Esq., (SBN 125769)
      hguizar@ghclegal.com
2  Kent M. Henderson, Esq., (SBN 139530)
      hendolaw@gmail.com
3  Angel Carrazco, Esq., (SBN 230845)
      angel@carrazcolawapc.com
4  Christian Contreras, Esq., (SBN 330269)
      ccontreras@ghclegal.com
5  **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
   18301 Irvine Boulevard
6  Tustin, CA 92780
   Telephone: (714) 541-8600
7  Facsimile:  (714) 541-8601

8  Attorneys for Plaintiffs, A.G.,
   Individually, and as Successor in Interest to
9  OMAR GARCIA, et. al.

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **COUNTY OF LOS ANGELES**

12

13  A.G., a minor, individually and as Successor in     )   **CASE NO.:** 20STCV39464
    Interest to OMAR GARCIA, by and through            )
14  her Guardian ad Litem, DIANA RIVERA;               )   **COMPLAINT FOR DAMAGES**
    D.G. and G.G., minors, individually and as         )
15  Successors in Interest to OMAR GARCIA, by          )   1.  Unreasonable Search and
16  and through their Guardian ad Litem,               )       Seizure—Excessive Force and Denial of
    ESMERALDA TORRES; LIDIA GARCIA                     )       Medical Care
17  ESPINOZA; ADALMIRO GARCIA                          )       (42 U.S.C. § 1983);
                                                        )   2.  Substantive Due Process
18                      Plaintiffs,                     )       (42 U.S.C. § 1983);
                                                        )   3.  Municipal Liability for
19             v.                                       )       Ratification (42 U.S.C. § 1983);
                                                        )   4.  Municipal Liability for
20  COUNTY OF LOS ANGELES; and DOES 1                   )       Unconstitutional Custom, Practice, or
21  through 10, inclusive,                              )       Policy (42 U.S.C. § 1983);
                                                        )   5.  Battery (Wrongful Death);
22                      Defendants.                     )   6.  Negligence (Wrongful Death);
                                                        )   7.  Violation of Section 52.1 of The
23                                                      )       California Civil Code (Tom Bane Act
24  ─────────────────────────────────────              )       Violation)

25

26                                                          **DEMAND FOR JURY TRIAL**

27

28

                                    1

## COMPLAINT FOR DAMAGES

1.   Plaintiffs A.G., D.G.; G.G.; individually, and as Successors in Interest to Decedent OMAR GARCIA (hereinafter "OMAR GARCIA" or "DECEDENT"); LIDIA GARCIA ESPINOZA; and ADALMIRO GARCIA hereby bring their Complaint for Damages against Defendants, COUNTY OF LOS ANGELES (hereinafter also sometimes referred to as "COLA") and DOES 1-10.

2.   This action seeks compensatory and punitive damages from individual Deputies, Sergeants and employees of COLA, senior Los Angeles County Sheriff's Department (LASD) officials, and from the COUNTY OF LOS ANGELES for violations of state law and fundamental rights under the United States Constitution in connection with the brutal Sheriff Deputy shooting and killing of OMAR GARCIA on November 13, 2019 when Decedent OMAR GARCIA was shot dead by Defendants, COUNTY OF LOS ANGELES Deputies or employees including Defendants DOES 1-10.

## PARTIES

3.   At all relevant times up until his tragic death, DECEDENT OMAR GARCIA was an individual residing in the County of Los Angeles, California.

4.   Plaintiff A.G., a minor, is an individual residing in the County of Los Angeles and she is the natural daughter of DECEDENT OMAR GARCIA who brings this action by and through her natural mother and Guardian ad Litem, DIANA RIVERA. Plaintiff A.G. sues in her individual capacity as the natural daughter of DECEDENT OMAR GARCIA, and in a representative capacity, as a successor-in-interest to THE ESTATE OF OMAR GARCIA pursuant to California C.C.P. Section 377.32. Plaintiff A.G. is an "heir at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P. Section 377.30, survival) to DECEDENT OMAR GARCIA. Plaintiff A.G. seeks both wrongful death and survival damages under federal and state law. Furthermore, Plaintiff A.G., seeks all damages available under federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death and survival. The damages sought by Plaintiff A.G. for the death of her father, DECEDENT OMAR GARCIA, include for loss of

2

1   DECEDENT's love, companionship, comfort, care, assistance, protection, society,

2   moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral

3   and burial expenses; loss of relationship with DECEDENT, including loss of society and

4   companionship and the mental, physical and emotional pain and suffering of DECEDENT and all

5   other damages allowed under federal and state law. Plaintiff the ESTATE OF OMAR GARCIA

6   appears through its successor-in-interest, Plaintiff A.G.

7           5.      Plaintiffs D.G. and G.G., minors, are individuals residing in the County of Los

8   Angeles and they are the natural children of DECEDENT OMAR GARCIA who bring this action

9   by and through her natural mother and Guardian ad Litem, ESMERALDA TORRES.  Plaintiffs

10   D.G. and G.G. sue their individual capacity as the natural children of DECEDENT OMAR

11   GARCIA, and in a representative capacity, as a successors-in-interest to THE ESTATE OF

12   OMAR GARCIA pursuant to California C.C.P. Section 377.32.  Plaintiffs D.G. and A.G. are

13   "heirs at law" (C.C.P. Section 373.60, wrongful death) and a "successors-in-interest" (C.C.P.

14   Section 377.30, survival) to DECEDENT OMAR GARCIA.  Plaintiffs D.G. and G.G. seek both

15   wrongful death and survival damages under federal and state law.  Furthermore, Plaintiffs D.G.

16   and G.G. seek all damages available under federal and state law including under C.C.P. Section

17   373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful

18   death and survival. The damages sought by Plaintiffs D.G. and G.G. for the death of her father,

19   DECEDENT OMAR GARCIA, include for loss of DECEDENT's love, companionship, comfort,

20   care, assistance, protection, affection, society, moral support; loss of financial support and earning

21   capacity; loss of gifts and benefits; funeral and burial expenses; loss of relationship with

22   DECEDENT, including loss of society and companionship and the mental, physical and

23   emotional pain and suffering of DECEDENT and all other damages allowed under federal and

24   state law.  Plaintiff the ESTATE OF OMAR GARCIA appears through its successors-in-interest,

25   Plaintiffs D.G. and G.G.

26           6.      At all times herein mentioned, Plaintiff LIDIA GARCIA ESPINOZA, is, and was,

27   a resident of the County of Los Angeles and the natural surviving mother of DECEDENT OMAR

28   GARCIA.  Plaintiff LIDIA GARCIA ESPINOZA brings this action to recover the loss of familial

3

1   relationship with her son, DECEDENT OMAR GARCIA, who was brutally shot to death by

2   Defendants, including Defendants DOES 1-10.

3       7.    At all times herein mentioned, Plaintiff ADALMIRO GARCIA, is, and was, a

4   resident of the County of Los Angeles and the natural surviving father of DECEDENT OMAR

5   GARCIA.  Plaintiff ADALMIRO GARCIA brings this action to recover the loss of familial

6   relationship with his son, DECEDENT OMAR GARCIA, who was brutally shot to death by

7   Defendants, including Defendants DOES 1-10.

8       8.    Defendant COUNTY OF LOS ANGELES (COLA) is a public entity that includes

9   the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (LASD).  Defendant COLA is

10  responsible for the actions, omissions, policies, procedures, practices and customs of its various

11  agents and agencies, including the LASD, and its agents, Deputies, Sergeants, Supervisors and

12  employees.  At all times relevant to the facts alleged herein, Defendant COLA was responsible

13  for assuring that the actions, omissions, policies, procedures, practices and customs of the LASD

14  and its employees and agents complied with the laws and the Constitution of the United States

15  and of the State of California.

16      9.    At all relevant times, Defendants DOES 1 through 10 were employees of

17  Defendant COLA.  At all times relevant, Defendants DOES 1 through 10 were an employee

18  and/or agent of Defendant COLA and each of these individual Defendants acted under color of

19  law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages

20  of Defendant COLA and the LASD as well as under the color of the statutes and regulations of

21  the State of California.  Defendants DOES 1 through 10 are sued both as employees, agents,

22  representatives and/or servants of COLA and sued in their individual capacities for damages only.

23  At all relevant times, Defendants DOES 1 through 10, inclusive, were duly authorized employees

24  and agents of COLA, who were acting under color of law within the course and scope of their

25  individual and/or representative capacities and respective duties as officers and law enforcement

26  agents and with the complete authority and ratification of their principal, Defendant COLA.

27      10.   The true names of Defendants Does 1 Through 10, inclusive, are unknown to

28  Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek leave

4

1   to amend this complaint to show the true names and capacities of these defendants when they

2   have been ascertained.  Each of the fictitious named defendants is responsible in some manner for

3   the conduct and liabilities alleged herein.

4        11.    At all times mentioned, each of the Defendants and DOE Defendants caused and is

5   responsible for the unlawful conduct and resulting by, inter alia, personally participating in the

6   conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing,

7   condoning, acting, omitting or failing to take action to prevent the unlawful conduct by

8   promulgating or failing to promulgate policies and procedures pursuant to which the unlawful

9   conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and

10  DECEDENT's rights, to initiate and maintain adequate supervision, security, training,

11  compliance with responsibilities and duties, and staffing; by failing to maintain proper and

12  adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct

13  performed by agents and officers, deputies, and employees under their direction and control.  The

14  true names and identities of Defendants DOES 1 through 10 are currently unknown and DOES 1

15  through 10 are now sued herein by their inclusion in this Complaint upon its filing even though

16  currently fictitiously named and when the true identities of Defendants DOES 1 through 10 are

17  discovered they will have already been sued herein as related back to the time of the filing of this

18  Complaint.

19       12.    Each of the Defendants, including Defendants DOES 1 through 10, caused and is

20  responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the

21  conduct of shooting DECDENT to death, or acting jointly and in concert with others who did so;

22  by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by

23  promulgating policies and procedures pursuant to which the unlawful conduct occurred; by

24  failing and refusing, with deliberate indifference to Plaintiffs' and DECEDENT's rights, to

25  initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct

26  that occurred by agents and peace officers under their direction and control. Whenever and

27  wherever reference is made in this Complaint to any act by a Defendant, including Defendants

28  DOES 1 through 10, such allegation and reference shall also be deemed to mean the acts and

5

1  failures to act of each Defendant individually, joint, and severally. They are sued in their

2  individual and official capacities and in some manner are responsible for the acts and omissions

3  alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name

4  and responsibility when that information is ascertained.  Each of Defendants is the agent of the

5  other and the actions of each of the Defendants were ratified by the other Defendants.

6        13.     Whenever and wherever reference is made in this Complaint to any act by

7  Defendants and DOE Defendants, such allegations and references shall also be deemed to mean

8  the acts and failures to act of each Defendants individually, jointly or severally.

9                          **JURISDICTION AND VENUE**

10        14.     This action is properly filed in the Los Angeles County Superior Court, as it is a

11  wrongful death case and seeks remedies under state law for the wrongful death of the Decedent,

12  OMAR GARCIA, as well for the damages suffered by his surviving children, mother, and father.

13  Furthermore, this civil action is brought by Plaintiffs for the redress of alleged depravations of

14  constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and

15  Fourteenth Amendment of the United States Constitution, and the California Constitution.

16  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

17        15.     Venue is proper in this Court because Defendants reside in, and in all incidents,

18  events, and occurrences giving rise to this action occurred in, the County of Los Angeles,

19  California.   Plaintiffs herein timely and properly presented tort / government claims to

20  Defendants COUNTY OF LOS ANGELES (including any of its unknown Deputies or

21  employees) on March 30, 2019 (within six months of the incident) pursuant to Cal. Gov. Code §

22  910 et seq. preserving Plaintiffs' state law claims against Defendants COLA and unknown

23  Sheriff's Deputies or employees DOES 1 through 10. Defendant COUNTY OF LOS ANGELES

24  rejected Plaintiffs' tort / government claims by Notices of Rejection sent on May 28, 2020 and

25  this action is timely filed within six months of said rejections and within all applicable statutes of

26  limitations.

27                          **FACTUAL ALLEGATIONS**

28

6

16.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

17.     On November 13, 2019 at approximately 2:00 p.m., DECEDENT OMAR GARCIA was at or near Esteban Torres High School, 4211 Dozier Street, Los Angeles, California 90063 when Defendants including LASD Deputies, Sergeants or employees of Defendant COLA, including Defendants DOES 1 through 10, used excessive deadly force and shot DECEDENT OMAR GARCIA to death.

18.     DECEDENT sustained injuries, pain, and suffering, and death when he was shot dead by Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, who were acting under color of law, in their individual and official capacities and as employees of Defendant COLA.  DECDENT OMAR GARCIA posed no immediate threat of death or serious bodily injury to any person and the force that was used by Defendants, including Defendants DOES 1 through 10, was unreasonable, excessive deadly force.

19.     Based upon information and belief, Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10 did not warn DECEDENT that they were about to shoot him even though it was feasible to give such a warning.  As a result of Defendants', including Defendants DOES 1 through 10's conduct, stated above, Plaintiffs are entitled to damages.  Additionally, under California state law, as specifically amended by statue to change the standard for the use of deadly force, Defendants, including Defendants DOES 1 through 10, inclusive, were only able to use "necessary force" and the force used was unnecessary as their existed other "available resources and techniques" including, but not limited to, containment, back-up, and other less than lethal alternatives to use of deadly force including but not limited to verbal commands, counseling, negotiating, less than lethal force, etc.  Additionally, California state law, as amended required that "the decision by a peace officer to use force ...be evaluated carefully and thoroughly, in a manner that reflects the gravity of that authority and the serious consequences of the use of force by peace officers, in order to ensure that officers use force consistent with law and agency policies."  Instead, Defendants, including Defendants DOES 1 through 10, violated California law and did not do any careful evaluation but

7

1  just suddenly shot DECEDENT to death.  California law as amended required that Defendants,

2  including Defendants DOES 1 through 10, "take into account that That individuals with physical,

3  mental health, developmental, or intellectual disabilities are significantly more likely to

4  experience greater levels of physical force during police interactions, *as their disability may affect*

5  *their ability to understand or comply with commands from peace officers* and it is estimated that

6  individuals with disabilities are involved in between one-third and one-half of all fatal encounters

7  with law enforcement."  Instead, Defendants, including Defendants DOES 1 through 10, blatantly

8  failed to do anything or try anything other than simply shoot DECEDENT to death in a "shoot

9  first ask questions later fashion."  While California law, as amended, requires that deadly force be

10  used as a last resort, Defendants, including Defendants DOES 1 through 10, used deadly force as

11  a first resort.

12      20.    The conduct of the individual Defendants DOES 1 through 10 was willful, wanton,

13  malicious, and done with reckless disregard for the rights and safety of DECEDENT and

14  therefore warrants the imposition of exemplary and punitive damages against each and every

15  aforementioned individual Defendants.

16                          **FIRST CAUSE OF ACTION**

17      **UNREASONABLE SEARCH AND SEIZURE — UNREASONABLE AND/OR**

18                  **EXCESSIVE FORCE & DENIAL OF MEDICAL CARE**

19                              **(42 U.S.C. § 1983)**

20  **(By Plaintiffs A.G.; D.G. and G.G. against All Defendants, including Defendants DOES 1**

21                                  **through 10)**

22      21.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of

23  this Complaint with same force and effect as if fully set forth herein.

24      22.    The shooting of Decedent OMAR GARCIA by Defendants, including LASD

25  Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, deprived

26  DECEDENT of his right to be secure in his person against unreasonable searches and seizures as

27  guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and

28  applied to state actors by the Fourteenth Amendment.

23.     On November 13, 2019, Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, acting in their individual and/or representative capacity and in the course and scope of his employment with Defendant COLA, acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of DECEDENT when they shot and killed DECEDENT OMAR GARCIA who did not present an imminent threat of death or serious bodily injury, and the deadly force used by Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

24.     The foundation of the Fourth Amendment is reasonableness. The deadly force Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, used on DECEDENT was fundamentally unreasonable and in violation of DECEDENT's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

25.     By virtue of their misconduct, Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, are liable for DECEDENT's tragic death, either because these Defendants were integral participants in the use of deadly and excessive force, or because they failed to intervene to prevent these violations.

26.     Furthermore, Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

27.     This use of deadly force by Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

9

28.     As a direct and proximate result of the actions of Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, in using unreasonable deadly force on DECEDENT OMAR GARCIA, they caused DECDENT OMAR GARICA's untimely death.  As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, DECEDENT OMAR GARCIA and Plaintiffs sustained, losses, injuries and damages which are itemized as follows:

a.     Serious and severe personal injuries to DECEDENT, including DECEDENT OMAR GACIA's pre-morbid pain, suffering, anxiety, fear of impending death, emotional distress and loss of the value of life of DECEDENT to himself for all of the years he would have lived if Defendants had not brutally shot him to death;

b.     Expenses for DECEDENT's medical care and treatment;

c.     Loss of DECEDENT's earnings and earnings' potential;

d.     Plaintiffs' damages for the loss of DECEDENT OMAR GARCIA, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship according to proof at the time of trial.  Further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

29.     The conduct of the individual Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10.

30.     Plaintiffs are entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

///

///

///

## SECOND CAUSE OF ACTION

### VIOLATION OF SUBSTANTIVE DUE PROCESS

### (42 U.S.C. § 1983)

### (By Plaintiffs LIDIA GARCIA ESPINOZA and ADALMIRO GARCIA against All Defendants, including DOE Defendants)

31.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

32.     Plaintiff LIDIA GARCIA ESPINOZA, as the surviving mother of Decedent OMAR GARCIA and Plaintiff ADALMIRO GARCIA, as the surviving father of Decedent OMAR GARCIA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive persons of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiffs LIDIA GARCIA ESPINOZA's and ADALMIRO GARCIA's familial relationship with their son, DECEDENT OMAR GARCIA.

33.     DECEDENT OMAR GARCIA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

34.     The actions of Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, along with other undiscovered conduct,

11

1    violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and
2    interfered with the familial relationship of Plaintiffs LIDIA GARCIA ESPINOZA and
3    ADALMIRO GARCIA with their son DECEDENT OAMR GARCIA in that said Defendants had
4    time to deliberate and then used deadly force that shocks the conscience and with a purpose to
5    harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section
6    1983 in violation of the constitutional rights of DECEDENT and Plaintiffs LIDIA GARCIA
7    ESPINOZA and ADALMIRO GARCIA.

8        35.    Defendants, including LASD Deputies, Sergeants or employees of COLA,
9    including Defendants DOES 1 through 10, inclusive, thus violated the substantive due process
10    rights of Plaintiffs LIDIA GARCIA ESPINOZA and ADALMIRO GARCIA to be free from
11    unwarranted interference with their familial relationship with DECEDENT.

12        36.    As a direct and proximate result of the actions of Defendants, Plaintiffs LIDIA
13    GARCIA ESPINOZA and ADALMIRO GARCIA suffered the loss of her beloved son,
14    DECEDENT OMAR GARCIA, including damages for the loss of DECEDENT's life-long love,
15    companionship, comfort, care, assistance, protection, affection, society, moral support; loss of
16    financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial
17    expenses; loss of the reasonable value of household services; loss of relationship with
18    DECEDENT, including loss of society and companionship.

19        37.    The conduct of the individual Defendants, including LASD Deputies, Sergeants or
20    employees of COLA, including Defendants DOES 1 through 10, was willful, wanton, malicious,
21    and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants
22    the imposition of exemplary and punitive damages as to the individual Defendants, including
23    LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10.

24        38.    Plaintiffs are entitled to and pray for an award of attorneys' fees and costs pursuant
25    to 42 U.S.C. Section 1988 in an amount according to proof.

## THIRD CAUSE OF ACTION

## MUNICIPAL LIABILITY FOR RATIFICATION

### (42 U.S.C. § 1983)

12

**(By Plaintiffs A.G.; D.G. and G.G. Against Defendant COLA and DOE Defendants)**

39.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein

40.    Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive acted under color of law.

41.    The acts of the individual Defendants deprived DECEDENT OMAR GARCIA and Plaintiffs of their particular rights under the United States Constitution.

42.    Upon information and belief, a final policymaker, within Defendants DOES 1 through 10, acting under color of law, who had final policymaking authority concerning the acts of the individual Defendants, ratified the acts of the Defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual Defendants' acts.

43.    Upon information and belief, a final policymaker within Defendants DOES 1 through 10, has determined (or will determine) that the acts of the individual Defendants were "within policy."

44.    By reason of the aforementioned acts and omissions, Plaintiffs, and each of them, suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

45.    Plaintiffs are entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

<u>**FIFTH CAUSE OF ACTION**</u>

**MUNICIPAL LIABILITY**

**FOR UNCONSTITUTIONAL CUSTOM OR POLICY**

**(42 U.S.C. § 1983)**

**(By Plaintiffs A.G.; D.G. and G.G. Against Defendant COLA and DOE Defendants)**

46.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein

47.     On information and belief, Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, acted under color of law and the unjustified shooting of OMAR GARCIA was found to be within COLA / LASD Department policy even though it violated said policy.

48.     On information and belief, Defendants, including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, unjustified shooting of DECEDENT was ratified by COLA supervisorial officers.

49.     On information and belief, Defendants Does 1 through 10, inclusive, were not disciplined for the unjustified shooting of DECEDENT.

50.     On and for some time prior to November 13, 2019 (and continuing to the present date), Defendants COLA and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Employing and retaining as Deputies and other personnel, including Defendants DOES 1-10, whom Defendants COLA and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LASD policies, including the use of excessive force;

B. Of inadequately supervising, training, controlling, assigning, and disciplining COLA employees and other personnel, including Defendants DOES 1-10, whom Defendants COLA and DOES 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

C. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-10 who are Deputies and/or agents of COLA;

14

D. By failing to discipline COLA Deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

E. By ratifying the intentional misconduct of DOES 1-10 and other COLA Deputies' and/ or agents, who are COLA Deputies and/or agents of COLA;

F. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants DOES 1-10 were maintained with a deliberate indifference to individuals' safety and rights; and

G. By failing to properly investigate claims of unlawful detention and excessive force by COLA Deputies.

51.    By reason of the aforementioned policies and practices of Defendants COLA and DOES 1-10, DECEDENT was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COLA in allowing its peace officers to use unjustified, excessive and unreasonable deadly force in shooting persons who had fired no shots with no punishment for the involved peace officers was a moving force that caused Defendants DOES 1-10 to use unreasonable deadly force on DECEDENT, who was also unarmed and fired no shots at Defendants nor otherwise, presented an imminent danger to Defendants or others.

52.    Defendants COLA and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

53.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COLA and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

54.     The actions of each of Defendants DOES 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants DOES 1-10.

55.     By reason of the aforementioned acts and omissions of Defendants COLA and DOES 1-10, Plaintiffs were caused to incur damages as stated elsewhere herein.

56.     By reason of the aforementioned acts and omissions of Defendants COLA and DOES 1-10, Plaintiffs suffered and continue to suffer loss of love, companionship, affection, comfort, care, society, and future support.

57.     Accordingly, Defendants COLA and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

58.     Plaintiffs seek both wrongful death damages and survival damages under this claim.  Plaintiffs further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

## SIXTH CAUSE OF ACTION

### BATTERY CAUSING WRONGFUL DEATH

### (Cal. Govt. Code §815; 820 and California Common Law)

### (By Plaintiffs A.G.; D.G. and G.G. Against Defendant COLA and DOE Defendants)

59.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

16

60.     Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, while working as LASD Deputies, Sergeants or employees for COUNTY OF LOS ANGELES, and acting within the course and scope of their duties, intentionally shot DECEDENT OMAR GARCIA.  Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, had no legal justification for using force against DECEDENT and the use of force was excessive and unreasonable.

61.     At all times herein mentioned, law enforcement officers in California were only allowed to use necessary force reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, committed an unconsented touching of DECEDENT and battered him when they used unreasonable and excessive deadly force when they shot DECEDENT to death.

62.     As a direct and proximate result of Defendants' actions and conduct, Plaintiffs A.G; D.G. and G.G. suffered the loss of their father, DECEDENT OMAR GARCIA, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

63.     COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiffs A.G; D.G. and G.G. bring their claim individually as heirs at law of DECEDENT

17

1    OMAR GARCIA in wrongful death and as successor-in-interest to the DECEDENT and to The

2    ESTATE OF OMAR GARCIA, and seeks both survival and wrongful death damages for the

3    violation of DECEDENT's rights.  By reason of the aforementioned acts and omissions of

4    Defendants COLA and DOES 1-10, Plaintiffs suffered and continue to suffer loss of love,

5    companionship, affection, comfort, care, society, and future support, funeral and burial expenses

6    and loss of household services.

7          64.    The conduct of the individual Defendants including LASD Deputies, Sergeants or

8    employees of COLA, including Defendants DOES 1 through 10, inclusive and was malicious,

9    wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and

10   DECEDENT, entitling Plaintiffs A.G; D.G. and G.G, individually, and as a successors-in-interest

11   to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOES 1

12   through 10.

13                           **SEVENTH CAUSE OF ACTION**

14                      **NEGLIGENCE CAUSING WRONGFUL DEATH**

15        **(By Plaintiffs A.G.; D.G. and G.G. Against Defendant COLA and DOE Defendants)**

16         65.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of

17   this Complaint with same force and effect as if fully set forth herein.

18         66.    The actions and inactions of Defendants, including the actions of Defendants

19   DOES 1 through 10, inclusive, were negligent and reckless. At all times herein mentioned, among

20   other things, Defendants including LASD Deputies, Sergeants or employees of COLA, including

21   Defendants DOES 1 through 10, inclusive, owed a duty to follow California law that provides

22   that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly

23   force are relevant considerations under California law in determining whether the use of deadly

24   force gives rise to negligence liability.  Such liability can arise, for example, if the tactical

25   conduct and decisions show, as part of the totality of circumstances, that the use of deadly force

26   was unreasonable." Defendants including LASD Deputies, Sergeants or employees of COLA,

27   including Defendants DOES 1 through 10, inclusive, breached their duty and were negligent and

28   unreasonable in their actions and inactions which included but are not limited to:

                                                 18

A. The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT OMAR GARCIA;

B. The negligent tactics and handling of the situation with DECEDENT OMAR GARCIA, including pre-shooting negligence;

C. The failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

D. The negligent detention, arrest, and use of force, including deadly force, against DECEDENT OMAR GARCIA;

E. The failure to provide prompt medical care to DECEDENT OMAR GARCIA;

F. The failure to properly train and supervise employees, both professional and non-professional, including Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, including, but not limited to the failure to train to follow the LASD Manual of Policies and Procedures;

G. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT OMAR GARCIA; and

H. The violation of Defendant LASD Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regards to foot pursuits, tactics and use of force.

I. Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, were only able to use "necessary force" and the force used was unnecessary as their existed other "available resources and techniques" including, but not limited to, containment, back-up, and other less than lethal alternatives to use of deadly force including but not limited to verbal commands, counseling, negotiating, less than lethal force, etc. Additionally, California state law,

1    as amended (California Penal Code Section 835a) required that "the decision by a
2    peace officer to use force ...be evaluated carefully and thoroughly, in a manner that
3    reflects the gravity of that authority and the serious consequences of the use of force
4    by peace officers, in order to ensure that officers use force consistent with law and
5    agency policies."   Instead, Defendants, including Defendants DOES 1 through 10,
6    violated California law and did not do any careful evaluation but just suddenly shot
7    DECEDENT to death.  California law as amended required that Defendants, including
8    Defendants DOES 1 through 10, "take into account that That individuals with
9    physical, mental health, developmental, or intellectual disabilities are significantly
10   more likely to experience greater levels of physical force during police interactions, *as*
11   *their disability may affect their ability to understand or comply with commands from*
12   *peace officers* and it is estimated that individuals with disabilities are involved in
13   between one-third and one-half of all fatal encounters with law enforcement." Instead,
14   Defendants, including Defendants DOES 1 through 10, blatantly failed to do anything
15   or try anything other than simply shoot DECEDENT to death in a "shoot first ask
16   questions later fashion."  While California law, as amended, requires that deadly force
17   be used as a last resort, Defendants, including Defendants DOES 1 through 10, used
18   deadly force as a first resort

19       67.     As a direct and proximate result of Defendants' actions and conduct, Plaintiffs
20   A.G; D.G. and G.G. suffered the loss of their father, DECEDENT OMAR GARCIA, including
21   damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance,
22   protection, affection, society, moral support, training and guidance; loss of financial support,
23   sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the
24   reasonable value of household services; loss of relationship with DECEDENT, including loss of
25   society and companionship and all other damages allowed under state law, including under
26   California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq.
27   and CACI 3921 "Wrongful Death (Death of an Adult)."
28

68.    The COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69.    The conduct of the individual Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive,  was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to individual Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive.

70.    Plaintiffs A.G; D.G. and G.G bring their claim, individually, as heirs at law of DECEDENT OMAR GARCIA in wrongful death and as successors-in-interest to the DECEDENT and to The ESTATE OF OMAR GARCIA, and in each case, seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

**(Tom Bane Act Violations)**

**(By Plaintiffs A.G.; D.G. and G.G. Against Defendant COLA and DOE Defendants)**

71.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

72.    This action is brought pursuant to section 52.1 of the California Civil Code.  The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOES 1 through 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

73.   At all times mentioned herein, Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, were acting within the course and scope of their employment and/or agency with Defendant COUNTY OF LOS ANGELES.   As such Defendant COUNTY OF LOS ANGELES is liable in respondent superior for the injuries caused by the acts and omissions of Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, pursuant to section 815.2 of the California Government Code.

74.   DECEDENT OMAR GARCIA was subjected to excessive force by Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, in the form of gunshots fired by said defendants which struck OMAR GARCIA and caused him serious personal injuries from which he eventually died.   The shooting was unreasonable and unwarranted as the circumstances under which the shooting occurred did not require the use of any force whatsoever.   As an unreasonable use of force, the shooting constituted a violation of OMAR GARCIA's constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California.

75.   All of the above acts and omissions of the individual Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages to Plaintiff as to said Defendants.

76.   As a proximate result of the acts of Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, OMAR GARCIA suffered multiple gunshot wounds which caused him severe injuries from which he eventually died.

77.   The above acts of Defendants including LASD Deputies, Sergeants or employees of COLA, including Defendants DOES 1 through 10, inclusive, violated OMAR GARCIA's civil rights as protected by section 52.1 of the Civil Code.

78.   As such, Plaintiffs A.G; D.G. and G.G. are entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and

1    exemplary damages against the individual Defendants, the costs of suit incurred in this action,

2    reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other

3    additional relief that the Court deems proper.

4                                **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiffs requests entry of judgment in their favor and against

6    Defendants, and each of them, as follows:

7    A.  For compensatory damages, for wrongful death including damages for the loss of

8         DECEDENT's life-long love, companionship, comfort, care, assistance, protection,

9         affection, society; moral support; and the loss of relationship with Decedent, including

10        loss of society, familial relationship and companionship in an amount according to proof

11        at the time of trial;

12   B.  For compensatory damages, for Survival for the mental, physical and emotional pain and

13        suffering of DECEDENT in an amount according to proof at the time of trial;

14   C.  For loss of financial support, sustenance and earning capacity in an amount according to

15        proof at the time of trial;

16   D.  For loss of gifts and benefits in an amount according to proof at the time of trial;

17   E.  For punitive damages against the individual defendants in an amount to be proven at trial;

18   F.  For interest;

19   G.  For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. §

20        1988;

21   H.  For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane

22        Act and other state statutes;

23   I.  For all other damages allowed under federal and state law and;

24   J.  For such further other relief as the Court may deem just, proper, and appropriate.

25        ///

26        ///

27        ///

28

                                      23

1   Dated:  October 13, 2020          **GUIZAR, HENDERSON & CARRAZCO, LLP**

2

3

4                                     By:  _____
                                          HUMBERTO GUIZAR
5                                         KENT M. HENDERSON
                                          Attorney for Plaintiffs,
6                                         A.G., et. al.

7                          **DEMAND FOR JURY TRIAL**

8          Plaintiffs hereby demand a trial by jury.

9

10  Dated:  October 13, 2020          **GUIZAR, HENDERSON & CARRAZCO, LLP**

11

12

13                                    By:  _____
                                          HUMBERTO GUIZAR
14                                        KENT M. HENDERSON
                                          Attorney for Plaintiffs,
15                                        A.G., et. al.

16

17

18

19

20

21

22

23

24

25

26

27

28

24

Electronically FILED by Superior Court of California, County of Los Angeles on 10/13/2020 03:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Angel Carrazco, Jr (230845) Kent Henderson (139530) Humberto Guizar (125769) GUIZAR, HENDERSON & CARRAZCO, L.L.P. 18301 Irvine Blvd. Tustin, CA 92780 | |

TELEPHONE NO.: 714-541-8600    FAX NO.: 714-541-8601
ATTORNEY FOR *(Name):* Plaintiff s, A.G., a minor, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
A.G., a minor, et.al. v. County of Los Angeles, et.al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20STCV39464 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*  Seven (7)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/13/2020
Angel Carrazco, Jr.
_____          ▶          _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: A.G., a minor, et al. v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: A.G., a minor, et al. v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: A.G., a minor, et al. v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18  
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 3 of 4

| SHORT TITLE: A.G., a minor, et al. v. County of Los Angeles, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>✓ 1.   2.   3. ✓ 4.   5.   6.   7.   8.   9.   10. ✓ 11. | ADDRESS:<br><br>4211 Dozier Street |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90063 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Stanley Mosk Courthouse__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __10/13/2020__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td></tr>
</table>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

10/13/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ R. Clifton _____ Deputy

CASE NUMBER:
20STCV39464

Your case is assigned for all purposes to the judicial officer indicated below.

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Edward B. Moreton | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 10/15/2020
  (Date)                                    By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)              **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albino

2020-SJ-002-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.:<br>)<br>) FIRST AMENDED STANDING ORDER<br>) RE: PERSONAL INJURY PROCEDURES<br>) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

    DATE: _____ AT 10:00 A.M.

**TRIAL:**

    DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

    DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

2020-SJ-002-00

1.     To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐   A7260 Product Liability (not asbestos or toxic/environmental)

☐   A7210 Medical Malpractice – Physicians & Surgeons

☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐   A7250 Premises Liability (e.g., slip and fall)

☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2   parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3   may submit a maximum of two stipulations to continue trial, for a total continuance of six

4   months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5   noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6   trial will count toward the maximum number of allowed continuances.

7   **NO CASE MANAGEMENT CONFERENCES**

8   7.      The PI Courts do not conduct case management conferences.  The parties need not file a

9   Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10   resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11   attorney with full authority to make binding agreements, must attend in person.  The PI judges

12   have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13   of the Court.

14   13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15   Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16   the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17   an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18   noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19   motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20   of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21   filing a motion to compel further discovery responses in order to allow time to participate in an

22   IDC.

23          If parties do not stipulate to extend the deadlines, the moving party may file the motion

24   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   that complies with the notice requirements of the Code of Civil Procedure.

2   14.     Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3   www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4   in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5   must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6   LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7   as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8   forth that party's response, at least ten court days prior to the IDC.

9   15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  *ex parte*" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

2020-SJ-002-00

1 whether a personal injury case is "complicated" the PI Courts will consider, among other things,
2 the number of pretrial hearings or the complexity of issues presented.

3 18.    Parties opposing a motion to transfer have five court days to file an Opposition (using
4 the same LACIV 238 Motion to Transfer form).

5 19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although
6 the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts
7 will make an independent determination whether to transfer the case or not.

8 **FINAL STATUS CONFERENCE**

9 20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order
10 Re Final Status Conference, which shall be served with the summons and complaint.

11 **JURY FEES**

12 21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
13 complaint (C. C. P. § 631, subd. (c)(2)).

14 **JURY TRIALS**

15 22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
16 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
17 will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal
18 Courtrooms.

19 **SANCTIONS**

20 23.    The Court has discretion to impose sanctions for any violation of this general order
21 (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

24 Dated:   Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

```
                                          FILED                    2020-SJ-004-00
                                   Superior Court of California
                                      County of Los Angeles

                                     FEB 24 2020

                              Sherri R. Carter, Executive Officer/Clerk
                              By_____Deputy
                                          Lorena Albino
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | ) THIRD AMENDED STANDING ORDER ) RE: FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective January 13, 2020) ) |

    The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1.    PURPOSE OF THE FSC**

    The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

2.   **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.   **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.   **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.   **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.   **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)).  The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony.  The parties/counsel shall identify all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

E.   **LIST OF PROPOSED JURY INSTRUCTIONS**
     **(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

F.   **JURY INSTRUCTIONS**
     **(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

G.   **JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

H.   **JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

I.   **PAGE AND LINE DESIGNATION FOR**
     **DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

## 3.   EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders will be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

## 4.   TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

Page 4 of 5

Tab I:         Joint Chart of Page and Line Designation(s) for Deposition and

               Former Testimony

Tab J:         Copies of the Current Operative Pleadings (including the operative complaint,

               answer, cross-complaint, if any, and answer to any cross-complaint).

       The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab

B with the opposition papers and reply papers for each motion placed directly behind the moving

papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon

instructions first in order followed by the contested instructions (including special instructions)

submitted by each side.

**5.     FAILURE TO COMPLY WITH FSC OBLIGATIONS**

       The court has discretion to require any party/counsel who fails or refuses to comply with this

Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary

and/or issue sanctions (including the entry of a default or the striking of an answer).


Dated: _Feb. 24, 2020_                         _[signature]_

                                               SAMANTHA P. JESSNER
                                               Supervising Judge of Civil Courts

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino

1
2
3
4
5      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
6      **FOR THE COUNTY OF LOS ANGELES**
7

| | |
|---|---|
| IN RE PERSONAL INJURY CASES | ) FIFTH AMENDED STANDING ORDER |
| ASSIGNED TO PERSONAL INJURY | ) RE:  MANDATORY SETTLEMENT |
| COURTROOMS AT THE SPRING | ) CONFERENCE |
| STREET COURTHOUSE | ) (Effective February 24, 2020) |
| _____ | ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:**

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC.  Parties' counsel shall serve

I

2020-SJ-003-00

1    opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2    addresses for the PI courtrooms can be found on the Court's website at

3    www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction*

4    *PI Court*" then click on "*PI Courtroom Email Addresses*".  CAALA will forward

5    the mandatory settlement conference statements to the settlement attorneys.

6    3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior

7        Court Rule 3.25(d), trial counsel, the parties and persons, including insurance

8        company representatives with full settlement authority, must attend in person unless

9        the settlement judge excuses personal appearance for good cause.

10   4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the

11       specific Courtroom, forthwith, of such settlement by email and also CAALA by email

12       to stuart@caala.org.

13   5.  Parties and counsel are ordered to appear in in the assigned Personal Injury

14       Courtroom at the scheduled time and date of the MSC as selected by the parties'

15       counsel.

16   6.  The Court has the discretion to require any party and/or counsel who fails or refuses

17       to comply with this order to show cause why the Court should not impose monetary

18       sanctions.

19

20

21   Dated:  _Feb. 24, 2020_

22                                        SAMANTHA P. JESSNER
                                         Supervising Judge of Civil Courts
23

24

25

26

27

28

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____            ➤   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY· | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):  FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION -- DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

```
┌─────────────────────────────────────────────────────────────────────────────┐
```

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

    **a.**  **The Civil Mediation Vendor Resource List**
           If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

    These organizations cannot accept every case and they may decline cases at their discretion.
    Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
    NOTE: This program does not accept family law, probate, or small claims cases.

    **b.**  **Los Angeles County Dispute Resolution Programs**
           https://wdacs.lacounty.gov/programs/drp/

- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

    **c.**  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

```
└─────────────────────────────────────────────────────────────────────────────┘
```

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

CIV-010

Electronically Received 10/22/2020 03:52 PM

| ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Angel Carrazco, Jr. (SBN 230845); Kent M. Henderson (SBN 139530)<br>GUIZAR, HENDERSON & CARRAZCO, L.L.P.<br>18301 Irvine Blvd.<br>Tustin, CA 9270<br>TELEPHONE NO.: (714) 541-8600  FAX NO *(Optional):* (714) 541-8601<br>E-MAIL ADDRESS *(Optional):* angel@carrazcolawapc.com; hendolaw@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff, A.G., et. al. | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/27/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Valenzuela _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: A.G., a minor by and through his guardian

DEFENDANT/RESPONDENT: County of Los Angeles, et. al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[X] EX PARTE | CASE NUMBER:<br>20STCV39464 |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* ESMERALDA TORRES                                    is
   a. [X] the parent of *(name):* GRACIA GARCIA
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   ESMERALDA TORRES, c/o GUIZAR, HENDERSON & CARRAZCO, L.L.P.
   18301 Irvine Blvd., Tustin, CA 92780
   Tel: (714) 541-8600

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   GRACIA GARCIA, c/o GUIZAR, HENDERSON & CARRAZCO, L.L.P.
   18301 Irvine Blvd., Tustin, CA 92780
   Tel: (714) 541-8600

4. The person to be represented is:
   a. [X] a minor *(date of birth):* 11/18/2015
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Wrongful death claims for assault and battery for the shooting death of her father, OMAR GARCIA.

   [ ] Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: A.G., a minor by and through his guardian | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: County of Los Angeles, et. al. | 20STCV39464 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named
in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in
item 3 or any other person.

  c. ☒ the person named in item 3 has no guardian or conservator of his or her estate.

  d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
      Guardian is necessary to pursue the claims

      ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
  a. ☒ related (state relationship): MOTHER
  b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will
  represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or
  any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

      ☐ Continued on Attachment 7.

ANGEL CARRAZCO, JR.
_____
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 10/22/2020

ESMERALDA TORRES
_____
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.
Date: 10/22/2020

ESMERALDA TORRES
_____
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER**   ☒ **EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the
application, as requested.

THE COURT ORDERS that (name): ESMERALDA TORRES
is hereby appointed as the guardian ad litem for (name): GRACIA GARCIA
for the reasons set forth in item 5 of the application.
Date: 10/27/2020

                                                                        JUDICIAL OFFICER
                                    ☐ SIGNATURE FOLLOWS LAST ATTACHMENT       C. Edward Simpson / Judge

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

CIV-010

| ATTORNEY *(Name, State Bar number, and address)*:<br>Angel Carrazco, Jr. (SBN 230845); Kent M. Henderson (SBN 139530)<br>GUIZAR, HENDERSON & CARRAZCO, L.L.P.<br>18301 Irvine Blvd.<br>Tustin, CA 9270<br>TELEPHONE NO.: (714) 541-8600   FAX NO. *(Optional)*: (714) 541-8601<br>E-MAIL ADDRESS *(Optional)*: angel@carrazcolawpc.com; hendolaw@gmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff, A.G., et. al. | *FOR COURT USE ONLY*<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/27/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: M. Valenzuela      Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: A.G., a minor by and through his guardian

DEFENDANT/RESPONDENT: County of Los Angeles, et. al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[ X ] EX PARTE | CASE NUMBER:<br>20STCV39464 |

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name)*: ESMERALDA TORRES                                    is
   a. [ X ] the parent of *(name)*: DIEGO GARCIA
   b. [   ] the guardian of *(name)*:
   c. [   ] the conservator of *(name)*:
   d. [   ] a party to the suit.
   e. [   ] the minor to be represented *(if the minor is 14 years of age or older)*.
   f. [   ] another interested person *(specify capacity)*:

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number)*:
   ESMERALDA TORRES, c/o GUIZAR, HENDERSON & CARRAZCO, L.L.P.
   18301 Irvine Blvd., Tustin, CA 92780
   Tel: (714) 541-8600

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number)*:
   DIEGO GARCIA, c/o GUIZAR, HENDERSON & CARRAZCO, L.L.P.
   18301 Irvine Blvd., Tustin, CA 92780
   Tel: (714) 541-8600

4. The person to be represented is:
   a. [ X ] a minor *(date of birth)*: 03/12/2014
   b. [   ] an incompetent person.
   c. [   ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [ X ] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe)*:
   Wrongful death claims for assault and battery for the shooting death of his father, OMAR GARCIA.

[   ] Continued on Attachment 5a.

Page 1 of 2

Electronically Received 10/22/2020 03:52 PM

CIV-010

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER:  A.G., a minor by and through his guardian | | 20STCV39464 |
| DEFENDANT/RESPONDENT:  County of Los Angeles, et. al. | | |

5.  b. ☐   more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c.  ☒   the person named in item 3 has no guardian or conservator of his or her estate.

d.  ☒   the appointment of a guardian ad litem is necessary for the following reasons (specify):
Guardian is necessary to pursue the claims

☐   Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
a.  ☒   related (state relationship):  MOTHER
b.  ☐   not related (specify capacity):

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐   Continued on Attachment 7.

ANGEL CARRAZCO, JR.
_____
(TYPE OR PRINT NAME)

▶   _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  10/22/2020

ESMERALDA TORRES
_____
(TYPE OR PRINT NAME)

▶   _____
DocuSigned by:
(SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.
Date:  10/22/2020

ESMERALDA TORRES
_____
(TYPE OR PRINT NAME)

▶   _____
DocuSigned by:
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER**   ☒  **EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): ESMERALDA TORRES
is hereby appointed as the guardian ad litem for (name): DIEGO GARCIA
for the reasons set forth in item 5 of the application.
Date:

10/27/2020

_____
JUDICIAL OFFICER
☐   SIGNATURE FOLLOWS LAST ATTACHMENT

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2021 03:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Yong-Tim,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Humberto M. Guizar, Esq. \| SBN: 125769<br>Carrazco Law, A.P.C.<br>18301 Irvine Boulevard  Tustin, CA 92780<br><br>TELEPHONE NO.: (714) 541-8600 \| FAX NO. (714) 541-8601<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: Alexandria Garcia, individually and as Successor in Interest to Omar Garcia; et al. | |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse - Central District

| PLAINTIFF: **Alexandria Garcia, individually and as Successor in Interest to Omar Garcia; et al.**<br>DEFENDANT: **County of Los Angeles; et al.** | CASE NUMBER:<br>**20STCV39464** |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Omar Garcia 70.0063.001** |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

    a. ☐ Summons
    b. ☑ Complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet
    e. ☐ Cross-complaint
    f. ☑ other *(specify documents):* **See attached Document List**

3. a. Party served *(specify name of party as shown on documents served):*

    **County of Los Angeles**

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **Ruben K. - Clerk, Agent in Charge/Authorized to Accept Service of Process**
    **Age: 42 Weight: 180 Hair: Brown Sex: Male Height: 5'10 Eyes: Brown Race: Middle Eastern**

4. Address where the party was served: **500 W Temple St Ste 383**
    **Los Angeles, CA 90012-2726**

5. I served the party *(check proper box)*

    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/11/2021**    (2) at *(time):* **11:15 AM**

    b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*            **or** ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/200919** |
|---|---|---|

**ON-CALL LEGAL**
2476 Overland Avenue, Third Floor
Los Angeles, CA 90064
Phone: (310) 858-9800   Fax: (888) 543-5126

Continued from Proof of Service

**CLIENT:**   Carrazco Law, A.P.C.

**CLIENT FILE #:**   Omar Garcia 70.0063.001                **DATE:**  March 12, 2021

**SUBJECT:**   County of Los Angeles

**Summons for First Amended Complaint; First Amended Complaint for Damages; Application and Order for Appointment of Guardian Ad Litem-Civil (2); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse; Third Amended Standing Order-Re:Final Status Conference, Personal Injury ("PI") Courts (Effective January 13, 2020); Fifth Amended Standing Order Re: Mandatory Settlement Conference (Effective February 24,2020); Voluntary Efficient Litigation Stipulations.**



| PETITIONER: **Alexandria Garcia, individually and as Successor in Interest to Omar Garcia; et al.** | CASE NUMBER: |
| RESPONDENT: **County of Los Angeles; et al.** | **20STCV39464** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                       (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **County of Los Angeles**
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Oscar Herrera - ON-CALL LEGAL**
  b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**
  c. Telephone number: **(310) 858-9800**
  d. **The fee** for service was: **$ 103.20**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☐ independent contractor.
      (ii) Registration No.: **2018048510**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **3/12/2021**

    **ON-CALL LEGAL**
    **2476 Overland Avenue, Third Floor**
    **Los Angeles, CA 90064**
    **(310) 858-9800**
    **www.OnCallLegal.com**

| **Oscar Herrera** | ▶ *(signature)* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | |

# EXHIBIT "C"

# CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 20STCV39464

A.G., A MINOR, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO OMAR GARCIA, BY AND THROUGH HER GUARDIAN AD LITEM, DIANA RIVERA, VS COUNTY OF LOS ANGELES

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 10/13/2020
**Case Type:** Other Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

# FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**03/29/2022** at 10:00 AM in Department 27 at 312 North Spring Street, Los Angeles, CA 90012
Final Status Conference

**04/12/2022** at 08:30 AM in Department 27 at 312 North Spring Street, Los Angeles, CA 90012
Non-Jury Trial

**10/10/2023** at 08:30 AM in Department 27 at 312 North Spring Street, Los Angeles, CA 90012
Order to Show Cause Re: Dismissal

# PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

ALEXANDRIA GARCIA AS SUCCESSOR IN INTEREST TO OMAR GARCIA - Plaintiff

CARRAZCO JR. ANGEL - Attorney for Plaintiff

COUNTY OF LOS ANGELES - Defendant

ESPINOZA LIDIA GARCIA - Plaintiff

GARCIA ADALMIRO - Plaintiff

GARCIA ALEXANDRIA - Plaintiff

HENDERSON KENT M. - Attorney for Plaintiff

# DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
03/15/2021 Proof of Personal Service
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and

Case 2:21-cv-03140-VAP-MRW   Document 1   Filed 04/12/21   Page 76 of 78   Page ID #:76

through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**03/08/2021** Summons (on Complaint (1st))
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**03/05/2021** Amended Complaint ( (1st))
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**02/16/2021** Notice of Rejection of Electronic Filing
Filed by Clerk

**02/16/2021** Application And Order For Appointment of Guardian Ad Litem (For AG)
Filed by LIDIA GARCIA ESPINOZA (Plaintiff); ADALMIRO GARCIA (Plaintiff)

**11/03/2020** Certificate of Mailing for ([PI General Order], Standing Order re PI Procedures and Hearing Date)
Filed by Clerk

**11/03/2020** PI General Order
Filed by Clerk

**10/27/2020** Notice of Rejection of Electronic Filing
Filed by Clerk

**10/27/2020** Application And Order For Appointment of Guardian Ad Litem (for G.G.)
Filed by D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff)

**10/27/2020** Application And Order For Appointment of Guardian Ad Litem (for D.G.)
Filed by D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff)

**10/27/2020** Application And Order For Appointment of Guardian Ad Litem (for A.G.)
Filed by Alexandria Garcia (Plaintiff)

**10/16/2020** Declaration (of Successor in Interest)
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**10/15/2020** Declaration (of Successor in Interest)
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**10/13/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/13/2020** Civil Case Cover Sheet
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**10/13/2020** Complaint
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

# PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

## Proceedings Held (Proceeding dates listed in descending order)
None

# REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

## Register of Actions (Listed in descending order)

**03/15/2021** Proof of Personal Service
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff): LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**03/08/2021** Summons (on Complaint (1st))
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**03/05/2021** Amended Complaint ( (1st))
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**02/16/2021** Notice of Rejection of Electronic Filing
Filed by Clerk

**02/16/2021** Application And Order For Appointment of Guardian Ad Litem (For AG)
Filed by LIDIA GARCIA ESPINOZA (Plaintiff); ADALMIRO GARCIA (Plaintiff)

**11/03/2020** PI General Order
Filed by Clerk

**11/03/2020** Certificate of Mailing for ([PI General Order], Standing Order re PI Procedures and Hearing Date)
Filed by Clerk

**10/27/2020** Notice of Rejection of Electronic Filing
Filed by Clerk

**10/27/2020** Application And Order For Appointment of Guardian Ad Litem (for D.G.)
Filed by D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff)

**10/27/2020** Application And Order For Appointment of Guardian Ad Litem (for A.G.)
Filed by Alexandria Garcia (Plaintiff)

**10/27/2020** Application And Order For Appointment of Guardian Ad Litem (for G.G.)
Filed by D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff)

**10/16/2020** Declaration (of Successor in Interest)
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**10/15/2020** Declaration (of Successor in Interest)
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**10/13/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/13/2020** Civil Case Cover Sheet
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.

**10/13/2020** Complaint
Filed by Alexandria Garcia (Plaintiff); D.G., minor, individually and as Successors in Interest to OMAR GARCIA, by and

through their Guardian ad Litem, ESMERALDA TORRES (Plaintiff); LIDIA GARCIA ESPINOZA (Plaintiff) et al.